```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

WILLIAM CARL WOOLEY,              §
                                  §
VS.                               §  CIVIL ACTION NO.4:12-CV-299-Y
                                  §
                                  §
CITY OF GRAPEVINE, TEXAS, et al.  §
```

       OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
  1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff William Carl Wooley's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). In addition to his complaint, and in response to an order of this Court, Wooley has also filed a more definite statement of his claims. Wooley's complaint alleges that in May 2005, 85 items of property were seized from his home when officers executed a search warrant. (Compl. ¶ 1.) Wooley was later convicted in the 297th Judicial District Court, Tarrant County, Texas, of prohibited sexual conduct, sexual assault of a child under the age of seventeen, and aggravated assault of a child under the age of fourteen, for which he received 10, 20, and life sentences, respectively.[1] (More Definite Statement (MDS) at § 1.) Wooley alleges that outside of seized firearms that were at some point returned to his brother, the other items of property were not returned to him and have otherwise been destroyed or not properly accounted for. (Compl. ¶¶ 2-12.) Wooley claims the property he complains of in this suit was not used as evidence, and

---

[1] Wooley's consolidated challenge to these convictions under 28 U.S.C. § 2254, was denied by order and judgment entered on July 12, 2012, in *Wooley v. Thaler,* No.4:11-CV-858-A. The Court takes judicial notice of the records of that case. *See* Fed. R. Evid. 201(b)(2).

was never civilly or criminally forfeited. (Compl. ¶ 1; MDS ¶ 19.) Wooley seeks relief in the form of a declaratory judgment that his rights were violated, and he seeks compensatory and punitive damages. (Compl.¶¶ 30-37.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the pleadings under these standards, the Court concludes that Wooley's claims must be dismissed for the alternative reasons discussed herein.

---

[2]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Defendants*

Wooley only named two defendants in this suit, the City of Grapevine, Texas, and the Grapevine Police Department. With regard to the Grapevine Police Department, the capacity of an entity to be sued is determined "by the law of the state where the court is held."[7] Under Texas law, the key issue is whether the entity has been granted the capacity "to sue or be sued."[8] This Court and other federal courts in Texas have consistently held that in order for a plaintiff to sue a municipal department, the department must have a separate legal existence.[9] After the Court informed Wooley of this precedent in the order for more definite statement, he responded by noting that he wished to pursue his claims only against the City of Grapevine, Texas. Thus, Wooley's claims against the Grapevine Police Department must be dismissed.

Although a city is a "person" within the meaning of § 1983, it may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort."[10] The Supreme Court, in *Monell v. New York City Department of Social Services*,

---

[7] FED R. CIV. P. 17(b)(3).

[8] *Dillon v. Jefferson County Sheriff's Department,* 973 F.Supp. 626, 627 (E.D. Tex. 1997).

[9] *See generally Darby v. City of Pasadena,* 939 F.2d 311, 313 (5th Cir. 1991)(noting that under Texas law, absent authorization from a municipality to allow suit against one of its subdivisions as an independent entity, suit cannot proceed against that department); *see also Buckley v. Dallas County,* No. CIV.A.3:97-CV-1649-G, 1999 WL 222380, *2 (N.D.Tex. April 13, 1999) (citations omitted); *Bridges v. Rossi,* No. 3:96-CV-0488-X, 1998 WL 241242, at *5 (N.D.Tex. May 6, 1998).

[10] *Monell v. New York City Dept.of Social Services*, 436 U.S. 658, 691 (1978).

emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.[11]

Thus, § 1983 liability attaches "only where the municipality *itself* causes the constitutional violation at issue."[12] For a municipality to be liable under § 1983 there must be: "a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom."[13] These elements "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself."[14] A plaintiff must initially allege that an official policy or custom was the "cause in fact of the deprivation of rights inflicted."[15] The description of a policy or custom and its relationship to the underlying violation, moreover, cannot be conclusory; it must contain specific facts.[16]

---

[11] *Id.* at 694.

[12] *City of Canton v. Harris,* 489 U.S. 378, 385 (1989)(emphasis in original).

[13] *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001)(citing *Monell,* 436 U.S. at 694)).

[14] *Piotrowski,* 237 F.3d at 578.

[15] *Leffall v. Dallas Ind. Sch. Dist.,* 28 F.3d 521, 525 (5th Cir. 1994); *see also Meadowbrier Home for Children, Inc. V. Gunn,* 81 F.3d 521, 533 (5th Cir. 1996)(a plaintiff must allege "the custom or policy served as the moving force behind the violation").

[16] *Fraire v. Arlington,* 957 F.2d 1268, 1278 (5th Cir. 1992).

4

The Court asked Wooley to state any facts showing how any custom or policy of the City of Grapevine, Texas, related to the allegations in his complaint. Wooley answered:

> Plaintiff cannot obtain any custom or policy, However, after the case was disposed of, retained the property and or destroyed it without first affording any procedural due process to the plaintiff. Plaintiff counters that the City has he believes in place some custom, regulation or practice in regards to the disposition of property held by them and as to when and or how it disposes of it. That if they know who the owner is to notify him. (MDS ¶ 8.)

But these statements amount to mere conclusory allegations of the presence of a policy, and Wooley has not actually pointed to a policy or custom that was the moving force behind the alleged withholding of his property. Wooley has not provided factual allegations of a policy or custom sufficient to state a municipal liability claim against the City of Grapevine, Texas. Thus, Plaintiff's claims against Grapevine must be dismissed.

*Limitations*

Furthermore, all of Wooley's claims must be dismissed as barred by the statute of limitations. The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit.[17] In Texas, the applicable limitations period is two years.[18] Wooley has also

---

[17] *See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985)(state statute of limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983).

[18] *See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon 2006) (Texas's two-year, personal-injury limitations statute).

5

asserted conspiracy claims under 42 U.S.C. § 1985, but claims under that statute are also subject to the two-year limitations provision.[19] A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[20]

Accrual of a claim under § 1983 is determined by federal law,[21] under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action.[22] Plaintiff recites allegations arising from the seizure of his property in May 2005. Wooley contends that the seized items of property were not used as evidence in his criminal proceedings, but even if that time is considered, Wooley's conviction and direct appeal process through the Texas Court of Criminal Appeals resolved when his petitions for discretionary review were dismissed in early 2008.[23] Upon review of the allegations in this complaint, the Court sees no basis to believe that Wooley did not know or have reason to

---

[19]*See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir.1987)("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985  and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is [two years]").  Although Wooley also alludes to 42 U.S.C. § 1986 as a source for his claims, this provision has its own statute of limitations which requires commencement of a suit within one year after the cause of action accrues. 42 U.S.C.A. § 1986 (West 2003). Thus, any claims under § 1986 are time barred for the reasons stated in the text *infra*.

[20]*See Harris v. Hegman,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore,* 30 F.3d at 620 (citing *Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993)).

[21]*See Harris,* 198 F.3d at 157; *see also Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).

[22]*See Harris,* 198 F.3d at 157 (citing *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992) and *Burrell,* 883 F.2d at 418).

[23]*See Wooley v. Thaler,* No.4:11-CV-858-A.

6

...

know of the events giving rise to his claims by 2008. As Wooley did not file suit until May 2012, his claims recited here are too late: the applicable two-year statute of limitations already had expired prior to the time Wooley filed suit. As all claims are barred by the applicable statutes of limitations they must be dismissed.

*Substantive Claims*

Wooley claims that the prolonged detention of his property was in violation of the Fourth and Fourteenth Amendment. "The Due Process Clause of the Fourteenth Amendment confers both substantive and procedural rights."[24] Although Wooley has not indicated that he intends to bring a substantive-due-process claim, even if he has, where, as here, an amendment to the Constitution protects an individual against specific government misconduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing [those] claims."[25] Here, Wooley has alleged a substantive violation of his rights under the Fourth Amendment. The Fourth Amendment prohibits unreasonable searches and seizures and provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized."[26] Wooley claims that officers "executed a search warrant based upon evidence obtained from his residence at 1901 Saddle

---

[24] *Albright v. Oliver,* 510 U.S. 266, 272 (1994)(plurality opinion).

[25] *Id.,* at 273 (quoting *Graham v. Connor,* 490 U.S. 386, 395 (1989)).

[26] U.S. CONST. amend IV.

Ridge, Grapevine, Texas from a private person to wit David Wooley [and] that this evidence was unlawfully and unconstitutionally seized . . ..." (Compl. ¶ 1.) But Wooley states no specific facts beyond this conclusory allegation. Wooley's complaint fails to state a claim under the Fourth Amendment.[27]

Wooley's procedural due-process claim also fails. The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."[28] Under the *Parrat/Hudson* doctrine, a random and unauthorized intentional deprivation of property does not give rise to a violation of the procedural requirements of the Due Process Clause if the state provides an adequate post-deprivation remedy.[29] Thus, in challenging a random intentional property deprivation,[30]

---

[27] The Court notes that in Wooley's petition for writ of habeas corpus, he claimed a violation of his rights because evidence was stolen from his residence and used against him. If the seizure complained of here actually resulted in the taking of evidence used against Wooley in his criminal proceedings, his claims for relief under § 1983 would be barred by the doctrine of *Heck v. Humphrey*. See 512 U.S. 477, 486 (1994)(holding that a § 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.")

[28] U.S. CONST. amend. XIV § 1.

[29] *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996)(discussing the Supreme Court's decisions in *Parratt v. Taylor,* 451 U.S. 527 (1981) and *Hudson v. Palmer,* 468 U.S. 517 (1983), as dictating that a state actor's random and unauthorized deprivation of property does not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy, and explaining "the doctrine protects the state from liability for failing to provide a predeprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers.")

[30] Any claim that the loss of property was only the result of negligence also does not state a cause of action under § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon,* 474 U.S. 344, 347 (1986)(noting where negligence is involved in causing a deprivation of property,

8

the claimant must either take advantage of the available remedies or prove that the available remedies are inadequate.[31] Texas law allows recovery of monetary damages for loss of use of property during its period of detention.[32] Because Texas provides an adequate post-deprivation remedy, Wooley's claim concerning the taking of his personal property does not rise to a violation of the Due Process Clause.[33] Thus, Wooley's allegation concerning the loss of his personal property does not amount to a violation of a constitutional right, and such claim should be dismissed.[34]

Wooley also alleges a violation of his right to equal protection under the Fourteenth Amendment. The Equal Protection Clause prohibits the states from denying persons within their jurisdiction the equal protection of the laws.[35] An equal-protection violation may occur when the government treats someone differently than another who is similarly situated.[36] When the Court asked Wooley to explain this

---

no procedure for compensation is constitutionally required).

[31] *Hudson,* 468 U.S. at 534-35; *Myers,* 97 F.3d at 94.

[32] *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994)(In Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss,* 568 S.W.2d 413, 420-21 (Tex.Civ.App.–San Antonio 1978, no writ)(conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights).

[33] *See Hudson,* 468 U.S. at 536 (noting that even where a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment since the Commonwealth of Virginia provided the prisoner with an adequate post-deprivation remedy.)

[34] Such dismissal is, of course, without prejudice to Wooley's right to assert any state-law tort claims arising out of the same facts in state court.

[35] U.S. CONST. amend XIV, § 1.

[36] *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985).

claim, he recited: "Plaintiff states the prolonged detention of his property after final disposition of the underlying criminal charges were disposed of the defendant should have allowed him to obtain them." (MDS ¶ 9.) This non-sensical statement does not state a violation of the equal protection clause of the Fourteenth Amendment. Wooley's claims for relief under the equal protection provision of the Fourteenth Amendment is dismissed.

For all of these reasons, all of Plaintiff's claims are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED December 28, 2012.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE